UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OmniProphis Corp. d/b/a Screened Images,<br><br>                                   Plaintiff,<br><br>         v.<br><br>Vanteon Corp.,<br><br>                                   Defendant. | Case No. 6:20-cv-06612<br><br>Hon. Elizabeth A. Wolford |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS COUNTS II THORUGH V OF THE COMPLAINT

**HARRIS BEACH PLLC**
Dale A. Worrall
Kyle D. Gooch
99 Garnsey Road
Pittsford, NY 14534
T: 585.419.8800
F: 585.419.8801
dworrall@harrisbeach.com
kgooch@harrisbeach.com

*Attorneys for Defendant*
*Vanteon Corp.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF ALLEGED FACTS ................................................................................. 2

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT ......................................................................................................................... 3

    I.    Screened Images' fraudulent inducement and negligent misrepresentation claims are duplicative of its breach of contract claim ................ 3

    II.    Screened Images' claim for unjust enrichment is barred by the existence of an express contract .................................................................................. 6

    III.    Screened Images' claim under GBL Section 349 fails because the alleged conduct was not consumer-oriented ........................................................... 6

CONCLUSION ...................................................................................................................... 8

## TABLE OF AUTHORITIES

Page

**Cases**

*126 Newton St., LLC v. Eng'g Servs. Assocs.*,
  42 Misc. 3d 1227(A), 2014 WL 695348 (Sup. Ct. Queens County 2014) ................................. 4

*143 Bergen St. LLC v. Ruderman*, 39 Misc. 3d 1203(A),
  2013 WL 1285883 (Sup. Ct. Kings County 2013),
  *aff'd*, 144 A.D.3d 1002 (2d Dep't 2016) ................................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 3

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
  70 N.Y.2d 382 (1987) ............................................................................................................... 6

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y.3d 777 (2012) ............................................................................................................... 6

*Cruz v. NYNEX Info. Res.*,
  263 A.D.2d 285 (1st Dep't 2000) .............................................................................................. 7

*Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*,
  328 F. Supp. 2d 443 (S.D.N.Y. 2004) ....................................................................................... 7

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
  784 F. Supp. 2d 441 (S.D.N.Y. 2011) ....................................................................................... 7

*Goldman v. Metro. Life Ins. Co.*,
  5 N.Y.3d 561 (2005) ................................................................................................................. 6

*Gorman v. Fowkes*,
  97 A.D.3d 726 (2d Dep't 2012) ................................................................................................ 4

*Lax v. Design Quest N.Y. Ltd.*,
  101 A.D.3d 431 (1st Dep't 2012) .............................................................................................. 3

*Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*,
  450 F. Supp. 3d 311 (W.D.N.Y. 2020) .................................................................................. 6, 7

*Yablon v. Stern*,
    161 A.D.3d 594 (1st Dep't 2018) .................................................................................. 4

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 3

New York General Business Law § 349 ..................................................................... 1, 3, 6, 7

Defendant Vanteon Inc. ("Vanteon") submits this memorandum of law in support of its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts II through V of the complaint of plaintiff OmniProphis Corp. d/b/a Screened Images ("Screened Images").

## PRELIMINARY STATEMENT

This case presents a contract dispute between Vanteon, a provider of hardware and software engineering services, and Screened Images, a former customer that hired Vanteon to develop customized software for a new product line. The parties' contract provided that Screened Images would compensate Vanteon for its services on a time and materials basis. That meant that Screened Images bore the risk of any unforeseen developments that would create additional work or that would delay the project—risks that are common in the development of new and unique software applications. Despite accepting that risk for itself in the parties' agreement, Screened Images now seeks to foist that risk off on Vanteon. Count I of the complaint, together with Vanteon's forthcoming counterclaims, will present this contract dispute to the Court.

Screened Images' complaint goes further, however, advancing additional claims for fraud, negligent misrepresentation, unjust enrichment, and violation of Section 349 of the New York General Business Law ("GBL"). Each of the claims is defective:

- As a matter of law, Vanteon's alleged statements about its skills or experience are not actionable in tort and are merely duplicative of its contract claim.

- A quasi-contract claim for unjust enrichment is unavailable where, as here, the parties have an express agreement.

- Screened Images' claim under GBL Section 349 fails because this is a private contract dispute that does not involve any consumer-oriented conduct.

Screened Image's complaint fails to state viable claim for relief as to each of these non-contract claims (Counts II through V) and they should, therefore, be dismissed. This will allow discovery and future proceedings to be focused on the contractual dispute between the parties.

## STATEMENT OF ALLEGED FACTS

Screened Images creates products that are designed to ensure that incarcerated people are not able to use dangerous and unregulated "burner" cell phones. Compl. ¶ 1. Beginning in April 2018, Screened Images began working with Vanteon to develop a new Software Defined Radio Program, which is intended to be part of the next generation of Screened Images' products. *Id.* ¶¶ 2, 12. Before entering into their contract for Vanteon's services, the parties engaged in various meetings and conversations about the technical specifications of the project. *Id.* ¶¶ 13–14. Screened Images alleges that Vanteon represented that it had the requisite skills and experience to successfully complete the development work. *Id.* ¶ 2.

In April 2018, the parties entered into a Master Services Agreement ("MSA"). Compl. ¶ 24. Around the same time, the parties entered into a statement of work governing "Phase 0" of the project. *Id.* ¶¶ 27–28. In October 2018, the parties entered into a second statement of work governing "Phase 1" of the project. *Id.* ¶ 28. The statements of work ("SOWs") included the terms under which Vanteon agreed to perform those respective phases of the project. *Id.*

Screened Images alleges that, beginning in March 2019, Vanteon experience significant problems with the project, which caused the project to fall behind schedule and for the costs to exceed the estimated budget Compl. ¶¶ 30–31. Screened Images attributes this to an alleged lack of skill or experience on the part of Vanteon. *Id.* ¶¶ 32–33, 38. According to Screened Images,

the parties did not agree on a revised development schedule and Vanteon has allegedly abandoned the project. *Id.* ¶¶ 45–46.[1]

Screened Images commenced this action in August 2020. The complaint asserts claims for breach of contract (Count I), unjust enrichment (Count II), negligent misrepresentation (Count III), fraud in the inducement (Count IV), violation of GBL Section 349 (Count V), and declaratory judgment (Count VI).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the pleading, the court may disregard labels, conclusions, formulaic recitations, and naked assertions. *Twombly*, 550 U.S. at 555–57.

## ARGUMENT

**I.     Screened Images' fraudulent inducement and negligent misrepresentation claims are duplicative of its breach of contract claim.**

Courts applying New York law routinely hold that a claim alleging fraudulent inducement based on representations concerning a contract party's skill, experience, or ability to perform the contracted services is duplicative of the same party's claim for breach of contract. *See, e.g.*, *Lax v. Design Quest N.Y. Ltd.*, 101 A.D.3d 431 (1st Dep't 2012) (dismissing fraudulent inducement

---

[1] Vanteon disputes these allegations. Vanteon will demonstrate that it performed all services under the MSA in good faith, professionally, competently, and accordance with the parties' agreement, and that it is Screened Images that has improperly sought to shift development risk to Vanteon instead of paying Vanteon on a time and materials basis as agreed. Thus, Screened Images' allegations are repeated solely for purposes of demonstrating in this motion that, even if they are accepted as true, the allegations fail to state a claim upon which relief may be granted.

claim based on the defendants' statements concerning their "expertise" as "duplicative of the breach of contract claims that alleged defective and deficient work"); *Gorman v. Fowkes*, 97 A.D.3d 726, 727 (2d Dep't 2012) (holding that alleged misrepresentations concerning the defendant's "ability to perform under the contract" were "wholly duplicative of the breach of contract claim"); *143 Bergen St. LLC v. Ruderman*, 39 Misc. 3d 1203(A), 2013 WL 1285883, *7 (Sup. Ct. Kings County 2013), *aff'd*, 144 A.D.3d 1002 (2d Dep't 2016) (dismissing fraudulent inducement claim based on alleged misrepresentations by the defendant of his "expertise" concerning the subject matter of the project); *126 Newton St., LLC v. Eng'g Servs. Assocs.*, 42 Misc. 3d 1227(A), 2014 WL 695348 (Sup. Ct. Queens County 2014) (dismissing fraud claim based on alleged representation concerning the defendants' "level of skill and experience" as duplicative of claim for breach of contract).

For example, in *Gorman v. Fowkes*, the plaintiffs hired the defendants to renovate a premises. The plaintiffs brought claims for both breach of the construction contract and also for fraud. The Appellate Division, Second Department, held that the plaintiffs could not state a viable claim for fraud because the only misrepresentation it alleged concerned the defendants' intent or ability to perform under the contract. 97 AD3d at 727. Because the plaintiffs failed to allege a misrepresentation that was "collateral or extraneous to the contract," the fraud claim was held to be duplicative of the plaintiffs claim for breach of contract. *Id.*

Similarly, a party's general statements about his skill or resources to perform future work are not actionable misrepresentations because they are merely statements of opinion. *See Yablon v. Stern*, 161 A.D.3d 594, 594–95 (1st Dep't 2018) (dismissing claim for fraudulent inducement that was based on "non-actionable opinion of defendant as to his entity's resources and capability of undertaking the luxury renovation work sought by plaintiffs").

4

Here, Screened Images' complaint alleges that Vanteon made the following representations about itself and its services:

- that it "employed properly educated, trained and experienced engineers with adequate skill and knowledge sufficient to satisfy all engineering, telecommunications and other technical requirements" for the project (Compl. ¶ 17);
- that "it had sufficient project management experience to adequately budget the time and resources that would be needed to complete the novel SDR" (*id.* ¶ 18);
- that "it had the requisite expertise to use the Xilinx evaluation board" (*id.* ¶ 19);
- that its SDR platform "offers the following key features: Xilinx Zynq Family FPGA for high performance signal processing" (*id.* ¶ 20);
- that it "had the experience, technical ability, unique intellectual property, and team to execute this work, and to complete the Phoenix Project SDR on time and on budget" (*id.* ¶ 21); and
- that its "engineers can support our clients with all forms of engineering product development" (*id.* ¶ 22).

Each of these alleged statements is a general representation about Vanteon's skill, ability, or experience. Indeed, in summarizing these allegations later in the complaint, Screened Images alleges that Vanteon represented that it "had the required expertise and skill to provide services and products necessary" to complete the project and that "it had the requisite experience to use the Xilinx evaluation board." Compl. ¶¶ 62, 68. Thus, the gravamen of Screened Images fraudulent inducement and negligent misrepresentations claims is that Vanteon misrepresented that it had the requisite skill, experience, or ability to perform the type of work called for by the

parties' contract—exactly the type of claim that New York courts have held is not actionable in tort. Screened Images is, thus, limited to proceeding on a breach of contract theory.

**II.     Screened Images' claim for unjust enrichment is barred by the existence of an express contract.**

Under New York law, "unjust enrichment is not a catchall cause of action to be used when others fail," nor is it "available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 791 (2012). Rather, "[t]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005). "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388 (1987).

Here, Screened Images' unjust enrichment claim is based on its allegation that Vanteon has "benefitted from the receipt and the ability to use the funds" that Screened Images paid to Vanteon. Compl. ¶ 56. But those funds were paid in connection with the services that Vanteon provided under the MSA and SOWs. *See id.* ¶¶ 41–42, 44. Under New York law, the existence of these express contracts governing the parties' relationship bars a quasi-contract claim for unjust enrichment.

**III.    Screened Images' claim under GBL Section 349 fails because the alleged conduct was not consumer-oriented.**

GBL Section 349, "entitled 'Consumer Protection from Deceptive Acts and Practices,' is intended to apply to 'consumers.'" *Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 328 (W.D.N.Y. 2020). To state a claim under the law, a plaintiff must allege that the defendant's acts were "directed at consumers" and the "gravamen of the complaint must be consumer injury or harm to the public interest." *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F.

6

Supp. 2d 441, 449 (S.D.N.Y. 2011). For purposes of GBL Section 349, consumers are "individual or natural persons who purchase goods, services, or property primarily for personal, family, or household goods." *Orange Transp.*, 450 F. Supp. 3d at 328 (cleaned up) (quoting *Cruz v. NYNEX Info. Res.*, 263 A.D.2d 285 (1st Dep't 2000)). Thus, "allegedly deceptive acts that occur between relatively sophisticated entities with equal bargaining power do not give rise to [Section] 349 liability." *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004).

For example, in *Orange Transportation*, the plaintiff, a long-haul transportation company, sought to buy a new fleet of semi-trucks. 450 F. Supp. 3d at 317. It met with a sales representative of the defendant truck manufacturer, who represented that the trucks could fulfill the plaintiff's needs. *Id.* The plaintiff alleged that after it purchased the fleet of trucks, it began to experience problems which it attributed to a design defect. *Id.* The court (Geraci, J.) held that the plaintiff had not stated a viable claim under GBL Section 349. Although the plaintiff had alleged that the complained-of defect affected all sales of the defendant's trucks to other purchasers, it failed to plausibly allege that those purchasers of semi-trucks were "consumers" that purchased the trucks for "personal, family, or household purposes." *Id.* at 328–29.

Here, Screened Images' conclusory allegation that certain statements on Vanteon's website "were directed to consumers," Compl. ¶ 23, does not satisfy the plausibility standard. Indeed, the very statements quoted in the Complaint reveal that the types of services offered by Vanteon are "electronic systems design and engineering solutions," and that Vanteon helps its clients with the "development of innovative product lines." *Id.* Vanteon does not plausibly allege that these types of engineering and product-development services are the types of services that individuals are purchasing for individual or household use.

7

Moreover, Screened Images is a sophisticated business that negotiated a private contract for customized software development services. The gravamen of the complaint is a commercial contract dispute between parties with equal bargaining power, not a consumer injury or an injury to the public at large.

## CONCLUSION

For the foregoing reasons, Vanteon respectfully request that the Court enter an order dismissing Counts II through V of the complaint and granting such other and further relief as the Court may deem to be just and proper.

Dated: Pittsford, New York
      October 19, 2020

Respectfully submitted,

**HARRIS BEACH PLLC**

 /s/ Dale A. Worrall
Dale A. Worrall
Kyle D. Gooch
99 Garnsey Road
Pittsford, NY 14534
T: 585.419.8800
F: 585.419.8801
dworrall@harrisbeach.com
kgooch@harrisbeach.com

*Attorneys for Defendant Vanteon Corp.*