UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMNIPROPHIS CORP.,
d/b/a Screened Images, Inc.

              Plaintiff,

        v.

VANTEON CORP.,

              Defendant.
_____

**DECISION AND ORDER**

6:20-CV-06612 EAW

## INTRODUCTION

Plaintiff OmniProphis Corp. d/b/a Screened Images, Inc. ("Plaintiff") commenced this action on August 17, 2020, arising from disputes related to a contract entered into between it and defendant Vanteon Corp. ("Defendant"). Currently pending before the Court is Defendant's motion to dismiss counts II through V of Plaintiff's complaint. (Dkt. 10). For the reasons set forth below, the Court grants Defendant's motion to dismiss.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint and, as is required at this stage of the proceedings, are presumed to be true.

Plaintiff sought to expand its business by producing products designed to prevent unregulated "burner" cell phones from being used in prisons. (Dkt. 1 at ¶ 1). To that end, in April of 2018, Plaintiff and Defendant, a provider of hardware and software engineering services, began working together to develop a highly confidential and proprietary Software Defined Radio ("SDR") Program called the Phoenix Project. (*Id.* at ¶¶ 1, 12). In the course

- 1 -

of the parties' meetings and conversations, Plaintiff provided Defendant with information that outlined the engineering, telecommunications, and technical specifications required to design and produce the Phoenix Project SDR. (*Id.* at ¶¶ 14-15). Defendant assured Plaintiff that its employees possessed the necessary education, skill, experience, and training to satisfy all of Plaintiff's requirements for the project, and to develop it in a timely manner. (*Id.* at ¶¶ 17-18).

As a result of these discussions, the parties entered into a Master Services Agreement ("MSA") in April of 2018. (*Id.* at ¶ 24). The MSA provides that Defendant will perform the services required under the contract in a "professional, workmanlike manner, with the degree of skill and care that is required by current, good and sound professional procedures and practices." (*Id.* at ¶ 25). Notwithstanding Defendant's assurances, the project fell behind schedule and over budget. (*Id.* at ¶ 30). In March of 2019, Defendant experienced significant communication pathway problems, arising from it not having the necessary skills and experience it purported to possess. (*Id.* at ¶¶ 31-33). By July 2019, months after the first phase of the project was supposed to have been completed, only two of the promised twelve channels of uplink and downlink were complete. (*Id.* at ¶ 34). On July 15, 2019, data glitch issues occurred for one channel of uplink as a result of the communication pathway not being functional. (*Id.* at ¶ 35). At that point, with the remaining project channels significantly behind schedule and the project cost for the first phase already surpassing the projects' entire budget, Plaintiff offered to reassess the project schedule to create amended milestones and provide for payment upon completion. (*Id.* at ¶¶ 36, 41-42, 45). Defendant declined to extend the

project schedule and instead, abandoned the project entirely and refused to refund Plaintiff's payments. (*Id.* at ¶¶ 46-47).

In its complaint, Plaintiff asserts the following causes of action against Defendant: (1) breach of contract; (2) unjust enrichment; (3) negligent misrepresentation; (4) fraud in the inducement; (5) violation of New York General Business Law § 349 ("NY GBL"); and (6) declaratory judgment.

On October 19, 2020, Defendant filed the instant motion to dismiss counts II through V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 10). Plaintiff filed its response in opposition to the motion on November 17, 2020 (Dkt. 15), and Defendant its reply on November 24, 2020 (Dkt. 16).

For the reasons set forth below, Defendant's motion to dismiss is granted.

## DISCUSSION

## I.   Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

## II. **Defendant's Motion to Dismiss**

As noted, Defendant moves to dismiss Plaintiff's claims for unjust enrichment (count II), negligent misrepresentation (count III), fraud in the inducement (count IV), and violation of NY GBL § 349 (count V) for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The Court will address each claim separately.

### A. **Unjust Enrichment**

Plaintiff's claim for unjust enrichment against Defendant alleges that Defendant received funds in excess of $300,000 from Plaintiff but did not provide the agreed-upon products or services, unjustly enriching itself to Plaintiff's detriment. Defendant contends that this claim is barred by the existence of an express contract between the parties. On these facts, the Court agrees.

- 4 -

An unjust enrichment claim under New York law requires that a plaintiff show that the defendant was enriched at the plaintiff's expense and "it is against equity and good conscience to permit [D]efendants[s] to retain what is sought to be recovered." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 618 (S.D.N.Y. 2010) (quoting *Am. Med. & Life Ins. Co. v. Crossummit Enters., Inc.*, 27 Misc.3d 1210(A), 2010 WL 1493136, at *5 (N.Y. Sup. Ct. 2010)). An unjust enrichment claim "is available 'only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.'" *Amable v. New Sch.*, No. 20-CV-3811 (KMK), 2021 WL 3173739, at *12 (S.D.N.Y. July 27, 2021) (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)). "Under New York law, '[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Fetet v. Altice USA, Inc.*, No. 21CV1512 (DLC), 2021 WL 2941917, at *7 (S.D.N.Y. July 12, 2021) (quoting *Corsello*, 18 N.Y.3d at 790-91); *see also Trustpilot Damages LLC v. Trustpilot, Inc.*, No. 21-CV-432 (JSR), 2021 WL 2667029, at *9 (S.D.N.Y. June 29, 2021) ("However, a plaintiff cannot maintain an unjust enrichment claim when there is a 'valid and enforceable contract between the parties covering the dispute at issue.'" (quoting *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 20 (2d Dep't 2008))).

Here, Plaintiff argues that it may plead its unjust enrichment claim in the alternative to its breach of contract claim and that the claims are not duplicative because it relies on events outside the four corners of the agreement to support the claim, including Defendant's refusal to renegotiate the deal. But an unjust enrichment claim is appropriately

- 5 -

pled in the alternative where there is a "bona fide dispute over the existence of the contract." *Flatscher v. Manhattan Sch. of Music*, No. 20 CIV. 4496 (KPF), 2021 WL 3077500, at *9 (S.D.N.Y. July 20, 2021) (citation omitted).  When there is no dispute between the parties as to the existence of a valid contractual agreement, as here, an unjust enrichment claim is appropriately barred.  *Petrey v. Visions Fed. Credit Union*, No. 320CV1147MADML, 2021 WL 2364971, at *6 (N.D.N.Y. June 9, 2021) ("Here, there is no serious dispute as to whether there was a valid and enforceable contract between the parties.  In such circumstances, quasi-contract claims are routinely dismissed.").

In this instance, Plaintiff's unjust enrichment claim is inconsistent with its breach of contract claim because the parties do not dispute that the MSA is an enforceable contract, nor does Plaintiff's unjust enrichment claim contain allegations that reasonably extend beyond the dispute arising under the contract.  As a result, Plaintiff's unjust enrichment claim is subject to dismissal.  *See In re Columbia Tuition Refund Action*, No. 20-CV-3208 (JMF), 2021 WL 790638, at *9 (S.D.N.Y. Feb. 26, 2021) ("[C]ourts in this District have previously dismissed unjust enrichment claims that were indistinguishable from contract claims pleaded in the alternative in the same complaint, at least where the parties did not dispute that they shared a contractual relationship.") (collecting cases); *see also NovaFund Advisors, LLC v. Capitala Grp., LLC*, No. 3:18-CV-1023 (MPS), 2021 WL 3568892, at *14 (D. Conn. Aug. 11, 2021) ("[W]hen an unjust enrichment claim is asserted in the alternative on the ground that no express contract existed, the unjust enrichment claim cannot survive if the plaintiff incorporates the breach of contract allegations, allegations that affirm the existence of a contract, into the unjust enrichment claim.").

### B.      Fraudulent Inducement and Negligent Misrepresentation Claims

Defendant argues that Plaintiff's claims for fraudulent inducement and negligent misrepresentation rest on factual allegations concerning Defendant's skill, experience, and ability to perform under the contract and are duplicative of the claim for breach of contract. Specifically, the allegations in the complaint underlying these claims include that Defendant represented to Plaintiff that it: "employed properly educated, trained and experienced engineers with adequate skill and knowledge sufficient to satisfy all engineering, telecommunications and other technical requirements" (Dkt. 1 at ¶ 17); "had sufficient project management experience to adequately budget the time and resources that would be needed to complete the novel SDR" (*id.* at ¶ 18); "had the requisite expertise to use the Xilinx evaluation board" (*id.* at ¶ 19); had written promotional material that stated it had a platform that "offers the following key features: Xilinx Zynq Family FPGA for high performance signal processing" (*id.* at ¶ 20); "had the experience, technical ability, unique intellectual property, and team to execute this work, and to complete the Phoenix Project SDR on time and on budget" (*id.* at ¶ 21); "had the required expertise and skill to provide services and products, in order to induce [Plaintiff] to enter into the [MSA] and pay [Defendant] (*id.* at ¶ 61); "had the required expertise and skill to provide services and products necessary to develop the Phoenix Project, including representations that [Defendant] employed skilled engineers with experience designing telecommunications solutions of exactly the type necessary to develop and to complete the Phoenix Project" (*id*. at ¶ 68); and that it "made such known misrepresentations with the specific intent of inducing [Plaintiff] into conducting business with [Defendant], including paying

[Defendant] hundreds of thousands of dollars and executing various written agreements," (*id.* at ¶ 73).

To state a claim for fraud under New York law, a plaintiff must allege: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). Further, pursuant to the Federal Rules of Civil Procedure, a "party must state with particularity the circumstances constituting [the] fraud . . .." Fed. R. Civ. P. 9(b). "To satisfy this requirement, a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations. In addition, the complaint should explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) (internal quotations, citation, and alterations omitted).

Rule 9(b) also applies to negligent misrepresentation claims under New York law. *See Aetna Casualty & Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005) (holding that a negligent misrepresentation claim "must be pled in accordance with the specificity criteria of Rule 9(b)"); *Directv, LLC v. Wright*, No. 15-CV-474-FPG, 2016 WL 3181170, at *9 (W.D.N.Y. June 3, 2016) ("[S]ince negligent misrepresentation is a type of fraud, a party pleading negligent misrepresentation is . . . subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b).").

Under New York law, "[a] claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special of privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007); *accord King v. Crossland Sav. Bank*, 111 F.3d 251, 258 (2d Cir. 1997) ("[U]nder New York law a cause of action for negligent misrepresentation can be maintained only when the plaintiff *himself or herself* relies on statements made by the *defendant*." (emphasis in original)).

Here, apart from the question of whether Plaintiff adequately pleaded claims for fraud and negligent misrepresentation which, as explained above, must be pleaded with particularity, the complaint does not contain adequate allegations differentiating Plaintiff's fraud and negligent misrepresentation claims from its breach of contract claim—rather, Plaintiff's fraud and negligent misrepresentation claims are based on the same representations Plaintiff alleges Defendant made in connection with the contract.

"New York law requires that a fraud claim, raised in a case that stems from breach of contract, be 'sufficiently distinct,' from the breach of contract claim. To be 'sufficiently distinct' from a breach of contract claim, fraud claims must be based on more than a defendant's false statements indicating an intention to perform his or her obligations under a contract." *Karsch v. Blink Health Ltd.*, 291 F. Supp. 3d 503, 507 (S.D.N.Y. 2018) (internal quotations, citations, and alterations omitted); *see also Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001) ("[U]nder New York law, where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition

only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract.") (internal quotations and citations omitted). Accordingly, "[w]hen a plaintiff brings a fraud claim in tandem with a contract claim, the fraud claim may only proceed where the plaintiff (i) can 'demonstrate a legal duty separate from the duty to perform under the contract'; (ii) can 'demonstrate a fraudulent misrepresentation collateral or extraneous to the contract'; or (iii) 'seek[s] special damages that are caused by the misrepresentation and unrecoverable as contract damages.'" *TN Metro Holdings, I, LLC v. Commonwealth Ins. Co.*, 51 F. Supp. 3d 405, 410 (S.D.N.Y. 2014) (quoting *Bridgestone/Firestone, Inc. v. Recovery Credit Svcs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)). Similarly, a negligent misrepresentation claim will not withstand scrutiny on a motion to dismiss unless it asserts a violation of a legal duty independent from the contractual obligations alleged. *See Phoenix Companies, Inc. v. Concentrix Ins. Admin. Sols. Corp.*, No. 20 CIV. 1738 (KPF), 2021 WL 3604663, at *11 (S.D.N.Y. Aug. 12, 2021); *Michael Davis Constr., Inc. v. 129 Parsonage Lane, LLC*, 194 A.D. 3d 805, 808 (2d Dep't 2021) (dismissing negligent misrepresentation claim as duplicative of contract claim where "the allegations supporting the counterclaim alleging negligent misrepresentation are based solely on the contractual relationship between the parties").

Here, the alleged fraudulent misrepresentations Plaintiff identifies are the same allegations serving as the basis for the breach of contract claim. While Plaintiff argues that some of Defendant's representations related to failures in the communication pathway work, which is collateral to the parties' contract, the Court disagrees that these

representations are wholly separate from and extraneous to Defendant's contractual obligations. *See Metro Holdings*, 51 F. Supp. 3d at 410 (finding that plaintiffs failed to allege a fraud-based claim independent from the breach of contract claim because they "d[id] not allege that [defendant] owed them a duty separate from [defendant's] duty to perform under the contract," nor did they "seek relief distinct from that which they claim they are due as a result of Defendant's alleged breach of contract."); *see also Kriegel v. Donelli*, No. 11 Ci. 9160(ER), 2014 WL 2936000, at *13-14 (S.D.N.Y. June 30, 2014) (finding plaintiff's fraud claim duplicative of breach of contract claim where he made no allegation that defendant owed duty other than as set forth in contract, the alleged misrepresentation was not collateral to the contract, and the relief sought for both claims was identical); *GSCP VI Edge Marc Holdings, L.L.C. v. ETC Ne. Pipeline, LLC*, 192 A.D.3d 454, 456 (1st Dep't 2021) ("The court properly dismissed the . . . negligent misrepresentation claim[] as duplicative of the breach of contract claim.").

In sum, Plaintiff's fraudulent inducement and negligent misrepresentation claims fail because as they are alleged in the complaint, the allegations do not demonstrate that the claims are independent of the breach of contract claim. Accordingly, Plaintiff has failed to adequately allege a claim for fraudulent inducement or negligent misrepresentation, and the claims are dismissed on this basis.

### C.   NY GBL § 349

Finally, Defendant contends that Plaintiff's claim under NY GBL § 349 should be dismissed because the alleged conduct was not consumer-oriented and does not fall under

the ambit of that statute.  The Court grants Defendant's motion as to this claim for the reasons that follow.

Under NY GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" are unlawful.  N.Y. Gen. Bus. Law § 349(a).  "The purpose of NY GBL § 349 is to 'empower customers,' especially 'the disadvantaged' and to 'even the playing field of their disputes with better funded and superiorly situated fraudulent businesses." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 305 (E.D.N.Y. 2014) (quoting *Watts v. Jackson Hewitt Tax Service Inc.*, 579 F. Supp. 2d 334, 346 (E.D.N.Y. 2008)).  "To make out a prima face case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citation omitted).

Defendant does not contest whether the complaint adequately alleges that Defendant's conduct was materially misleading or that Plaintiff suffered an injury as a result of said conduct, but rather contends that Plaintiff does not properly allege that the conduct is consumer-oriented under New York law.  The Court agrees.

In contrast to common-law fraud, NY GBL § 349 "is a creature of statute based on broad consumer-protection concerns[.]"  *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 209 (2001) (quotations and citation omitted).  "[S]ome of the operative factors for assessing whether conduct should be characterized as consumer oriented or a private transaction[] include[e] whether the operative transaction: (1) affected a broad swath of consumers, (2) consisted of standard practices that necessarily affect numerous consumers,

or (3) is unique to the parties." *Rosendale v. Mr. Cooper Group Inc.*, No. 19-CV-9263 (NSR), 2021 WL 4066821, at *19 (S.D.N.Y. Sept. 7, 2021). "Although consumer-oriented conduct does not require a repetition or pattern of deceptive conduct, a plaintiff must demonstrate that the acts or practices have a *broader impact on consumers at large*" and "[p]rivate contract disputes between the parties do not fall within the ambit of the statute." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (emphasis added) (quotation and citation omitted); *see also Green v. Cap. One, N.A.*, No. 20 CIV. 4655 (ER), 2021 WL 3810750, at *9 (S.D.N.Y. Aug. 26, 2021) ("Thus, private disputes, such as contract disputes or single-time transactions, would not violate § 349.").

Even construing the complaint liberally, Plaintiff has failed to allege that Defendant's conduct was consumer-oriented because Plaintiff has not alleged facts that demonstrate Defendant's conduct affects other consumers. Plaintiff makes only the argument that Defendant's alleged misrepresentations were made on a public-facing website to support its contention that the conduct was consumer-oriented. (Dkt. 15 at 11).

The absence of factual allegations supporting the consumer-oriented nature of the conduct is fatal to Plaintiff's NY GBL §349 claim. "Indeed, any other conclusion would effectively permit a plaintiff to convert almost any garden variety breach of contract cause of action into a violation of section 349." *MaGee v. Paul Revere Life Ins. Co*., 954 F. Supp. 582, 586 (E.D.N.Y. 1997). Speculative allegations arising from the fact that the information about Defendant's qualifications and abilities is contained on a public website cannot suffice to withstand the instant motion. *See, e.g., Young Men's Christian Assoc. of Plattsburgh v. Phila. Indent. Ins. Co.*, No. 8:18-CV-0565 (LEK/DJS), 2018 WL 6267923,

at *7-8 (N.D.N.Y. Nov. 30, 2018) ("[C]onclusory allegations, even of the existence of a claim settlement policy designed to deceive the public, are not sufficient to state a claim under § 349 in the absence of supporting factual allegations."); *Ticheli v. Travelers Ins. Co.*, No. 1:14-CV-00172, 2014 WL 12587066, at *3 (N.D.N.Y. Dec. 23, 2014) ("Plaintiff merely adds bald, conclusory allegations that [defendant's] conduct toward Plaintiff was in keeping with its practices toward 'the public at large' and its 'policyholders.'  These vague and conclusory references to harm involving the 'public at large' are nothing more than unsupported speculation and are insufficient to state a plausible GBL § 249 claim." (citation omitted)); *Cross v. State Farm Ins. Co.*, 3:10-CV-1179, 2011 WL 4916534, at *4 (N.D.N.Y. Oct. 17, 2011) ("Although Plaintiff speculates that others have been treated in similar fashion, these allegations are insufficient to state a plausible General Business Law § 349 claim."), *mot. to vacate denied*, 2011 WL 13234729 (N.D.N.Y. 2011); *O.K. Petroleum v. Travelers Indem. Co.*, No. 09-Civ. 10273 (LMM), 2010 WL 2813804, at *5 (S.D.N.Y. July 15, 2010) ("Plaintiffs allege that 'the practices complained of are part of a systemic program aimed at the policyholders generally, having an impact on insurance consumers at large.'  However, Plaintiffs allege no facts to support this speculative argument.").

Accordingly, the Court grants Defendant's motion as to Plaintiff's NY GBL § 349 claim.  *See Polk v. Del Gatto, Inc.*, No. 21 CIV. 129 (PAE), 2021 WL 3146291, at * 11 (S.D.N.Y. July 23, 2021) ("Because the Complaint does not adequately differentiate between the breach of contract and GBL § 349 claims, the Court dismisses the latter as duplicative.").

## CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. 10) to dismiss counts II through V of Plaintiff's complaint pursuant to Rule 12(b)(6) is granted and those claims are dismissed without prejudice. *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (typical practice at motion to dismiss stage is to dismiss claims without prejudice).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      September 13, 2021
            Rochester, New York